COLLINS v NATIONWIDE LIFE INSURANCE COMPANY (ON REMAND)

Docket No. 78-5527. Submitted December 6, 1977, at Detroit.—Decided May 22, 1979. Leave to appeal applied for.

Plaintiff, Juliet M. Collins, as survivor of Frank R. Collins, deceased, commenced an action against Nationwide Life Insurance Company alleging that she was entitled to $10,000 under a double indemnity provision of a life insurance policy on the life of the decedent. Mr. Collins had been a chronic alcoholic and had died as a result of acute alcoholic intoxication. A district court judge granted the defendant's motion for summary judgment, finding that the death was not accidental for purposes of the insurance policy. On appeal, the Macomb Circuit Court, Hunter D. Stair, J., reversed the district court judgment, finding that the death had been accidental. The defendant appealed by leave granted. The Court of Appeals, in an unpublished per curiam opinion, docket number 77-709, released January 10, 1979, reversed the circuit court and ordered that the district court judgment be reinstated. The plaintiff sought leave to appeal to the Supreme Court. The Supreme Court on September 27, 1978, in lieu of granting leave, ordered the decision of the Court of Appeals reversed, and remanded the matter to the Court of Appeals for consideration of the question of whether injury or death resulting from voluntary intoxication can constitute "accidental injury or death". 403 Mich 832 (1978). *Held:*

A death or injury is accidental only if the agency effecting the death or injury can be termed accidental, that is, unexpected, unanticipated and unforeseen, irrespective of whether the result so qualifies. The decedent's death was a reasonably

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 15, 17.
[2, 4] 57 Am Jur 2d, Negligence § 356.
    44 Am Jur 2d, Insurance §§ 1289, 1290.
[3] 17 Am Jur 2d, Contracts §§ 275, 276.
[4] Clause in life, accident, or health policy excluding or limiting liability in case of insured's use of intoxicants or narcotics. 13 ALR2d 987.

foreseeable consequence of the voluntary acts of intoxication and was not "accidental".

Reversed and remanded for reinstatement of the district court's original judgment.

M. F. Cavanagh, P.J., dissented. He would hold that under the terms of the policy in question, injury or death resulting from voluntary intoxication can constitute an accidental injury or death. The policy could have been drafted more restrictively so as to exclude death resulting from intoxication. It was not. He would not preclude recovery in the instant case. He would affirm the circuit court judgment.

### Opinion of the Court

1. Insurance — Life Insurance — Double Indemnity — Accidental Death — Injury — Words and Phrases.

   A death or injury is accidental only if the agency effecting the death or injury can be termed accidental; that is, unexpected, unanticipated and unforeseen, irrespective of whether the result so qualifies.

### Dissent by M. J. Cavanagh, P.J.

2. Insurance — Life Insurance — Accidental Death — Injury — Voluntary Intoxication.

   *Injury or death resulting from voluntary intoxication can constitute an accidental death or injury for purposes of recovery under an accidental death provision of an insurance policy.*

3. Contracts — Construction of Contracts — Maker.

   *Generally, a contract is construed more strictly against the maker of the contract who chose the words to which the other party merely assented.*

4. Insurance — Life Insurance — Accidental Death — Accidental Injury — Voluntary Intoxication — Terms of Policy.

   *A chronic alcoholic's unforeseen death from a single episode of drinking may reasonably be termed an "accidental bodily injury" for purposes of recovering under the terms of an insurance policy where the policy could have been drafted more restrictively so as to exclude death from intoxication, but was not.*

*LaBarge, Zatkoff & Dinning, P.C.* (by *Timothy R. Sinclair),* for plaintiff.

*Robert B. Tatham (Norman L. Zemke,* of counsel), for defendant.

Before: M. F. Cavanagh, P.J., and J. H. Gillis and D. C. Riley, JJ.

## On Remand

D. C. Riley, J. The Michigan Supreme Court has reversed our original determination of this matter and remanded the case to us for a resolution of whether injury or death resulting from voluntary intoxication can constitute an "accidental injury or death".

Upon consideration of the issue, we approve and adopt the majority rule that a death or injury is accidental only if the agency effecting the death or injury can be termed accidental, that is, unexpected, unanticipated and unforeseen, irrespective of whether the result so qualifies. See, *e.g., Perry v Aetna Life Ins Co of Connecticut,* 380 SW2d 868 (Tex Civ App, 1964), *Murphy v Western & Southern Life Ins Co,* 262 SW2d 340 (Mo App, 1953). See also, *Wells v Prudential Ins Co of America,* 3 Mich App 220, 226-227; 142 NW2d 57 (1968), *lv den* 378 Mich 728 (1966). Pursuant to this standard, decedent's voluntary acts of intoxication which resulted in a reasonably foreseeable consequence was not "accidental".

Reversed and remanded for reinstatement of the district court's original judgment.

Costs to defendant.

J. H. Gillis, J., concurred.

M. F. Cavanagh, P.J. *(dissenting).* In revisiting this matter upon the invitation of our Supreme

Court, I find I must disagree with the majority's conclusion.

Rather than look to other jurisdictions, I would prefer to read *Wells v Prudential Ins Co of America,* 3 Mich App 220; 142 NW2d 57 (1966), *lv den* 378 Mich 728 (1966), as authority for holding that, under the terms of this policy, injury or death resulting from voluntary intoxication can constitute an "accidental injury or death". Unlike the policy before us, the policy in *Wells, supra,* provided that the injury or death must be "effected solely through *external, violent* and *accidental* means". Even with this more restrictive language the *Wells* Court held recovery was possible and stated, at 227:

"If the unintended result of an intentional act can be accidental, so, too, can the result of a completely involuntary act be accidental."

As a general principle, a contract is construed more strictly against the maker who chose the words to which the other party merely assented. 3 Corbin, Contracts § 559, p 262. Applying this principle and the above *Wells* analysis to the language in the instant policy, a chronic alcoholic's unforeseen death from a single episode of drinking may reasonably be termed an "accidental bodily injury".

The instant policy could have been drafted more restrictively so as to exclude death resulting from intoxication. It was not and therefore I would not preclude recovery.