WINTERSHEIMER, Justice,
Dissenting.
I respectfully dissent because I believe that double indemnity benefits should not be awarded under the circumstances presented in this case. In my view, any reasonably prudent person of ordinary intelligence should be able to anticipate that there is a likely risk of death when a person drives a speeding motorcycle while drunk. Consequently, such conduct is not within the definition of death by accidental means recognized in Kentucky. The conduct falls within the reckless disregard for an obvious danger category.
The issue is whether the beneficiaries under a life insurance policy are entitled to double indemnity. The deceased, by virtue of his employment, was covered by a group *207 life insurance policy provided for basic life coverage and a double indemnity provision for accidental death. The question is whether his death was caused by accidental means.
It has been said that one who intentionally or negligently becomes intoxicated is held thereafter to the same standard of conduct as if he were sober. Prosser & Keeton, The Law on Torts § 32 (5th ed. 1984). I am persuaded by the holding in a Tennessee case which provides that it can be assumed that the danger of injury or death as a result of operating a motor vehicle while intoxicated is a foreseeable one and that, the death is not caused by accidental means within the definition of an insurance policy. It is a foreseeable result of a voluntary and unnecessary act or course^of conduct of the insured. Hobbs v. Provident Life and Accident Insurance Co., 535 S.W.2d 864, 866 (Tenn.1975). The /decision of the Court of Appeals is a proper application of well-established legal principles in Kentucky to the particular facts of this case.
The long-standing definition of accidental means may be found in Donahue v. Washington National Insurance Co., 259 Ky. 611, 82 S.W.2d 780 (1935). It involves a sudden and unexpected event. Later, this Court in National Life & Accident Insurance Co. v. Jones, 260 Ky. 404, 86 S.W.2d 139 (1935), reiterated the definition of accident by saying that every person must be held to the natural and probable consequences of their deeds. These definitions have been followed in Kentucky Central Life Insurance v. Willett, Ky.App., 557 S.W.2d 222 (1977), which restated the general rule to the effect that it is not accidental if the consequences of an act can be reasonably anticipated or is the natural and probable consequence.
In addition to Tennessee, Michigan has come to a similar conclusion. See Collins v. Nationwide Life Insurance Co., Mich.App., 282 N.W.2d 8 (1979). Here the facts were stipulated that the decedent was highly intoxicated with a blood alcohol level of .20 percent which is approximately double the amount necessary for presumed intoxication under the criminal law.
The tragedy that occurred in this situation is one which is repeated on a daily basis throughout our nation. Any person who operates a motor vehicle in a highly intoxicated condition at an excessively high rate of speed should know the probable consequences of such conduct. They are voluntarily and unnecessarily engaging in activity that will likely lead to death. Such conduct clearly shows a reckless disregard for the life of the person so acting as well as for the lives of all other users of the public roadways.
I would affirm the decision of the Court of Appeals.
STEPHENSON, J., joins in this dissent.