**VILLAGE OF INDIAN HILL**

v.

**James R. ELLIS.**

2007-Ohio-6465.]

Clermont County Municipal Court, Ohio.

No. 2007CRB00179.

Decided April 20, 2007.

**32**

W. Joseph Scholler, Solicitor, for plaintiff.

James R. Ellis, pro se.

BROCK, Judge.

{¶ 1} This matter comes before the court as a transfer from the Village of Indian Hill Mayor's Court. The matter originally came before the court for hearing on March 6, 2007, at which time the court sua sponte raised the issue whether it had jurisdiction to hear the matter. The plaintiff was represented by Indian Hill Solicitor W. Joseph Scholler. The defendant was present pro se. The court gave the plaintiff an opportunity to brief the jurisdictional issue and took the matter under advisement. Upon consideration of the authority cited herein, the court renders the following decision.

## FACTS

{¶ 2} The village of Indian Hill is located in Hamilton County, Ohio, but owns a piece of property in the adjacent city of Milford, which is located in Clermont County, Ohio. On October 11, 2005, at approximately 8:00 p.m., the defendant allegedly trespassed on the property, which is identified in the complaint as "Indian Hill Water Well Field Milford Side." Lt. Madsen of the Indian Hill Police Department cited the defendant for a violation of Indian Hill Code Section 131.04. The defendant was originally summonsed to appear in the Mayor's Court of Indian Hill. On January 5, 2007, the matter was transferred to this court pursuant to R.C. 1905.032.

## LEGAL ANALYSIS

{¶ 3} R.C. 1905.032(A) provides:

{¶ 4} "If a person who is charged with a violation of a law or an ordinance is brought before a mayor's court and the violation charged is not within the jurisdiction of the court, as set forth in section 1905.01 of the Revised Code, the

mayor promptly shall transfer the case to the municipal court, county court, or court of common pleas with jurisdiction over the alleged violation * * *.

{¶ 5} "If a person who is charged with a violation of a law or an ordinance is brought before a mayor's court and the violation charged is within the jurisdiction of the court, as set forth in section 1905.01 of the Revised Code, the mayor, at any time prior to the final disposition of the case, may transfer it to the municipal court, county court, or court of common pleas with concurrent jurisdiction over the alleged violation."

{¶ 6} The plaintiff contends that this case was appropriately transferred pursuant to R.C. 1905.032(A), claiming that this court has concurrent jurisdiction over the matter. Its argument is based upon R.C. 1901.20, which provides, "The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory." In *State v. Currens* (1989), 55 Ohio Misc.2d 3, 5, 563 N.E.2d 57, the Hamilton County Municipal Court recognized that municipal courts are purely creatures of statute, and as such, they have no jurisdiction beyond that created by statute. The Hamilton County Municipal Court, relying in part upon R.C. 1901.20(A), thus declined to exercise jurisdiction over an offense committed outside the limits of its territory, on the Ohio River watercourse adjacent to Hamilton County. Id. at 6, 563 N.E.2d 57. The plaintiff likewise submits that Hamilton County Municipal Court has no jurisdiction over this matter and that Clermont County Municipal Court does have jurisdiction, since the alleged offense occurred within its territory. The court would be inclined to agree with the plaintiff's argument in favor of jurisdiction but for the fact that the court is being asked to give extraterritorial application to the ordinance of a municipality outside its jurisdiction.

{¶ 7} " 'The power of local self-government granted to municipalities by Article XVIII [of the Ohio Constitution] relates solely to the government and administration of the internal affairs of the municipality, and, in the absence of statute conferring a broader power, municipal legislation must be confined to that area. Where a proceeding is such that it affects not only the municipality itself but the surrounding territory beyond its boundaries, such proceeding is no longer one which falls within the sphere of local self-government but is one which must be governed by the general law of the state.' " (Citation omitted.) *Britt v. Columbus* (1974), 38 Ohio St.2d 1, 7, 67 O.O.2d 1, 309 N.E.2d 412, quoting *Beachwood v. Cuyahoga Cty. Bd. of Elections* (1958), 167 Ohio St. 369, 371, 5 O.O.2d 6, 148 N.E.2d 921. "It is axiomatic that the ordinances adopted by a municipality have no extraterritorial effect unless the General Assembly gives them such an effect." *Cincinnati v. Dryden* (1998), 91 Ohio Misc.2d 235, 698

N.E.2d 538, in dicta at fn. 3; see also *State v. Harrison* (1969), 20 Ohio Misc. 282, 286, 48 O.O.2d 344, 251 N.E.2d 521.

{¶ 8} In *Avon Lake v. Bird* (Nov. 27, 1974), Lorain App. Nos. 2214 and 2215, 1974 WL 184040, the Ninth District Court of Appeals ruled that an Avon Lake ordinance pertaining to hunting did not have an extraterritorial effect. Likewise, in *Fairborn v. Young* (June 28, 1979), Greene App. No. 1033, at 3, 1979 WL 208275, the Second District Court of Appeals found no authority for the city of Fairborn to enforce its traffic ordinances outside the municipality. The rule that a municipal corporation cannot exercise its powers beyond the territorial limits of the corporation applies in the case of powers conferred upon Ohio municipalities by the Home Rule Amendment to the Constitution. Id. " 'When the people delegated local police powers to the municipalities of the state they restricted such power to the limits of the municipality, and the same restriction in reason applies to similar powers delegated to a municipality by the legislature.' " Id., quoting 38 Ohio Jurisprudence 2d, Section 264. While municipalities have the power of self-government, foreign jurisdictions have no obligation to take notice of other municipalities' ordinances enacted pursuant to those powers. *Cleveland Hts. ex rel. Hicks v. Cleveland Hts.*, 162 Ohio App.3d 193, 2005-Ohio-3582, 832 N.E.2d 1275, ¶ 16.

{¶ 9} The authority cited above leads this court to conclude that the ordinances of Indian Hill generally have no extraterritorial effect and that no court can exercise jurisdiction over this matter as filed unless the legislature by statute has conferred special authority upon Indian Hill to apply its ordinances outside its own territory. It appears to the court that if the legislature conferred that authority on the village of Indian Hill, it was conferred by virtue of R.C. 715.50. R.C. 715.50 provides, "A municipal corporation owning and using lands beyond its limits for a municipal purpose may provide, by ordinance or resolution, all needful police or sanitary regulation for the protection of such property and may prosecute violations thereof in the municipal court of such municipal corporation." The village of Indian Hill is a municipal corporation as described in R.C. 715.01. It owns a piece of land outside its limits that is used for a municipal purpose, i.e., a water well. It is unclear whether R.C. 715.50 requires the municipal corporation to enact special ordinances for property beyond its territorial limits or whether the general ordinances of the municipal corporation may be applied to that property. *Dayton v. McPherson* (1970), 29 Ohio Misc. 190, 58 O.O.2d 129, 280 N.E.2d 110, however, seems to suggest that the municipal corporation must enact special ordinances for property outside its territory. In *McPherson,* the city of Dayton owned airport property outside its corporate limits, so it enacted special ordinances applicable to the airport property pursuant to R.C. 715.50. For the reason set forth below, the court believes it unnecessary

to reach a definitive answer as to whether the village of Indian Hill is required to enact special ordinances for the protection of property outside its limits.

{¶ 10} While R.C. 715.50 does confer special extraterritorial powers upon municipal corporations in Indian Hill's position, this section does not confer jurisdiction upon the Clermont County Municipal Court to hear the case. The pertinent portion of R.C. 715.50 provides for the prosecution of "violations thereof in the municipal court of such municipal corporation [i.e., Indian Hill]." Clermont County Municipal Court is simply not the municipal court for Indian Hill, and it declines to extend jurisdiction beyond what the legislature provided in R.C. 715.50. The court has no authority beyond that created by statute. *Currens*, supra.

## CONCLUSION

{¶ 11} In conclusion, the village of Indian Hill's ordinances generally have no extraterritorial effect. If the village has any authority to pursue this matter, it is by virtue of R.C. 715.50. Thus, R.C. 715.50 is controlling as to jurisdictional issues. This section confers no authority upon the Clermont County Municipal Court, and accordingly, the court declines to exercise jurisdiction. The court hereby orders that this case be dismissed without prejudice. The village of Indian Hill is free to pursue the prosecution under R.C. 2911.21.

So ordered.